**SO ORDERED.**

**SIGNED this 15th day of October, 2012.**



Janice Miller Karlin
United States Bankruptcy Judge

_____

### In the United States Bankruptcy Court
### for the District of Kansas

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Larry Dean Smart and** | ) | Case No. 12-40546 |
| **Monica Gayle Smart,** | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | 12-mc-413-SAC |
| **United Insurance, Inc. d/b/a** | ) | |
| **United Insurance Service and** | ) | |
| **Milford W. Drinkgern,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-7046 |
| | ) | |
| **Larry Dean Smart and** | ) | |
| **Monica Gayle Smart,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### Report and Recommendation to the District Court on
### Motion to Withdraw Reference

This matter comes before the Court on the motion to withdraw the reference of this adversary proceeding and transfer the case to the United States District Court for the District of Kansas.[1] Pursuant to District of Kansas Local Rule 83.8.6, the Court recommends that the reference of this case be withdrawn immediately.[2]

## I. Factual and Procedural Background

Plaintiff United Insurance, Inc. ("United") was an insurance agency that sold insurance policies and products to customers in Marshall County, Kansas and surrounding communities. Plaintiff Milford Drinkgern is an owner and principal of United, and also served as an insurance agent for the company. Defendant Monica Smart was a former employee of United who worked as an agent selling insurance policies and products until August 3, 2010.

Both United and Drinkgern are defendants in a civil action pending in the United States District Court for the District of Kansas.[3] In that case, multiple insurance companies filed suit against United and Drinkgern alleging breach of contract and breach of fiduciary duty based upon actions taken by Smart while

---

[1] Doc. 8.

[2] Rule 83.8.6(f) provides that upon filing a motion to withdraw the reference and for transfer, the Bankruptcy Court will submit a written recommendation on the motion to the District Court.

[3] Case No. 11-CV-4081-CM-DJW.

she was employed by United. According to the amended complaint in that case, Smart was collecting annual premiums from employees, but then was remitting only monthly payments to the insurance companies on behalf of the clients. The insurance company plaintiffs claim that Smart collected, but failed to submit, $166,615.11 in insurance premiums from clients, and that United and Drinkgern can be held liable for the actions of Smart while she was acting as a United employee.

On December 27, 2011, United and Drinkgern filed a third party complaint against Smart in the District Court civil action. In that third party complaint, United and Drinkgern allege that Smart engaged in a series of fraudulent and deceptive acts in relation to the insurance premiums collected from clients. United and Drinkgern claim that to the extent they are held liable for any amount to the plaintiffs, they should be entitled to obtain a recovery from Smart. United and Drinkgern also seek a judgment against Smart for breach of a duty of loyalty and a breach of fiduciary duty owed to United.

On April 18, 2012, Monica and Larry Smart filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Smarts listed both United and Drinkgern as creditors on Schedule F in their bankruptcy case, indicating that any debts owed to United and Drinkgern were contingent and disputed. Drinkgern and United then filed this adversary proceeding on August 15, 2012.

In the adversary complaint, Drinkgern and United seek a judgment against both Smarts based upon the same allegations raised in the third-party complaint in the District Court. In addition, they seek a decision finding that judgment non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 1328(a)(2).

United and Drinkgern contend that the prosecution of this adversary against the Smarts will involve similar facts to those present in the District Court case, and if the cases are not tried together, that inconsistent judgments could result. They further contend that the judicial economy of jointly trying both cases supports the withdrawal of the case to the District Court, and that the District Court case, like this proceeding, is in its infancy (so withdrawing the reference will not unduly delay the District Court case). The Smarts have not yet filed an answer or other responsive pleading[4] in this adversary proceeding, and have not responded to the motion for withdrawal of the reference.

## II.   Analysis

Motions to withdraw the reference to the bankruptcy court are governed by 28 U.S.C. § 157(d). That statute provides that the "district court may withdraw, in whole or in part, any case or proceeding" under the Bankruptcy Code "on its own motion or on timely motion of any party, for cause shown." In addition, D. Kan. Rule 83.8.6 governs the procedure for seeking the transfer of

---

[4]That answer was due September 20, 2012.

4

a case from the bankruptcy court in Kansas. Pursuant to that local rule, a motion to transfer must state at least one of six grounds for the transfer of the case.[5] Rule 83.8.6(b) also requires an original plaintiff to file the motion for transfer within 20 days after the proceeding is commenced; Plaintiffs timely filed the motion.

Courts have considered several factors when deciding whether cause exists to withdraw the reference under 28 U.S.C. § 157(d). One of the primary factors is whether claims are core or non-core proceedings under the Bankruptcy Code.[6] In addition, courts "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[7]

United and Drinkgern have complied with the requirements of D. Kan. Rule 83.8.6 by timely certifying that cause exists, within the contemplation of 28 U.S.C. § 157(d), for the withdrawal of this proceeding to the District Court.[8]

---

[5] D. Kan. Rule 83.8.6(a).

[6] *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995).

[7] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) (citing 1 *Collier on Bankruptcy* ¶ 3.04[1][b] at 3-54 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).

[8] *See* D. Kan. Rule 83.8.6(a)(6).

Based upon the facts and procedural posture of this adversary proceeding, the Court recommends the District Court find cause exists under 28 U.S.C. § 157(d) to withdraw this proceeding to the District Court. As United and Drinkgern address in their motion, the factual allegations contained in this adversary complaint essentially mirror those contained in both the complaint and the third-party complaint pending in the District Court. If this adversary proceeding is not transferred to the District Court, the parties would be forced to litigate essentially the same case simultaneously in separate courts, which would not be an economical use of the Courts' time or the parties' resources. In addition, the potential for inconsistent judgments — as to both liability and damages — exists if the cases are not consolidated.

The underlying action is one for damages resulting from the alleged fraud and/or embezzlement by the Smarts. This claim is not a core bankruptcy matter. The only core bankruptcy issue presented is whether any potential judgment against the Smarts would be nondischargeable.[9] The issue of dischargeability will not require novel or complex interpretations of the bankruptcy code; there is well-established Tenth Circuit case law to assist in interpreting the relevant dischargeability statutes.

---

[9] *See* 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts are core proceedings).

### III.   Conclusion

The Court recommends that the District Court grant the motion to withdraw the reference in this adversary proceeding, and immediately transfer all proceedings to the District Court. Doing so will allow this matter to be heard in conjunction with the already pending civil case which, although involving some additional parties, is based on the same factual allegations contained in this case. Transferring the case to District Court will promote judicial economy, be economically beneficial to the parties, and will prevent the possibility of inconsistent judgments. Therefore, this Court believes that cause exists under 28 U.S.C. § 157(d) to withdraw the reference to the Bankruptcy Court, and transfer this case to the District Court for further proceedings.

###